**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JUAN A. RODRIGUEZ,

                                                   Plaintiff,

          - v -                                                   Civ. No. 9:06-CV-0577
                                                                              (DNH/RFT)

HEARING OFFICER BULLIS, *et al.*,

                                                   Defendants.

**APPEARANCES:**                                   **OF COUNSEL:**

JUAN A. RODRIGUEZ
Plaintiff, *Pro Se*
02-A-5385
***Last Known Address***
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## AMENDED REPORT-RECOMMENDATION and ORDER[1]

          *Pro se* Plaintiff Juan Rodriguez commenced this civil rights action pursuant to 42 U.S.C. §

1983 on May 9, 2006.  Dkt. No. 1, Compl.  Service of Plaintiff's Amended Complaint on the

Defendants was directed by Order of the Honorable David N. Hurd, United States District Judge,

dated September 18, 2006.[2]  Dkt. No. 10.  In that Order, and consistent with local practice in this

District, Plaintiff was warned of his obligation to notify the Court of any address change.  *Id*. at p.

---

          [1] On February 2, 2007, this Court issued a Report-Recommendation and Order.  Dkt. No. 13.  We inadvertently omitted information regarding the procedure for objecting to the within recommendations.  Therefore, this Amended Report-Recommendation and Order shall replace in total the February 2, 2007 Report-Recommendation and Order.

          [2] Plaintiff's initial pleading was found to be inadequate in that it failed to satisfy the basic pleading requirements.  Thus, Judge Hurd ordered Plaintiff to file an amended complaint if he wished to avoid dismissal of his action.  Dkt. No. 6.

3; *see also* N.D.N.Y.L.R. 10.1(b)(2).  Furthermore, Rodriguez was warned that his failure to

comply with this rule could result in the dismissal of his action.  *See* N.D.N.Y.L.R. 41.2(b).  More

specifically, the Court mailed him an Order which provided, *inter alia*:

> **Plaintiff is also required to promptly notify the Clerk's Office of any change in his address; his failure to keep such office apprised of his current address will result in the dismissal of the instant action.**

*See* Dkt. Nos. 10 at p. 3 (emphasis in original).

That same date, the Clerk of the Court notified Plaintiff that he had to send eight copies of his

Amended Complaint along with USM 285 Forms in order for the United States Marshal to

effectuate service.  Dkt. No. 11.  In this notice, Plaintiff was warned that his failure to comply

with such requests could subject his action to dismissal under the Northern District of New York's

Local Rule 41.2.  *Id*.  He was further informed that once the Clerk's Office received the necessary

forms, they would issue Summonses and forward the documents on to the Marshals Service.  *Id*.

Yet, Summonses were never issued in this case, presumably due to Plaintiff's failure to acquiesce

the requests.

    The next, and last, communication Plaintiff had with the Court was on October 6, 2006,

when he acknowledged his obligation by updating his address as that of Upstate Correctional

Facility.  Dkt. No. 12.  No further communications are noted on the Docket.  In reviewing the New

York State Department of Correctional Services Inmate Locator Website, it has come to this

Court's attention that Juan Rodriguez was discharged from Upstate Correctional Facility on

October 12, 2006, after serving the maximum incarceration period of his sentence.  *See* New York

State Department of Correctional Services Inmate Population Search, *available at*

http://nysdocslookup.docs.state.ny.us/kinqw00.  This Court has not received any updated

information as to Plaintiff's current whereabouts.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962). "This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases." *Freeman v. Lundrigan*, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 2996) (citing *Rodriguez v. Walsh*, 1194 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994)).

Moreover, a litigant has the duty to inform the court of any address changes. As then District Judge Pooler stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* N.D.N.Y.L.R. 41.2(b).

This matter cannot proceed without notification to the Court by Plaintiff of his current address. This Court finds that Rodriguez's failure to provide this Court with a change of address warrants a recommendation of dismissal. Courts in the Northern District of New York have dismissed lawsuits brought by *pro se* plaintiffs for failure to provide a current address. *See Rivera v. Goord*, 1999 WL 33117155 (N.D.N.Y. Sept. 14, 1999); *Morgan v. Dardiz*, 177 F.R.D. 125 (N.D.N.Y. 1998); *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998); *Williams v. Faulkner*, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 1996 WL 172699 (N.D.N.Y. Apr. 10, 1996). Since Rodriguez has failed to inform the Court of same, it is hereby

**RECOMMENDED**, that this action be dismissed.  *See* N.D.N.Y.L.R. 41.2(b) (dismissal of action appropriate where petitioner fails to notify Court of change of address); and it is further

**ORDERED**, that the Clerk shall serve a copy of this Report-Recommendation and Order on parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), & 6(e).

IT IS SO ORDERED.

Date:   February 5, 2007
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge